UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM JAMES, JR.,

                Petitioner,

v.                                 Case No. 3:13-cv-341-J-34PDB

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

**<u>ORDER</u>**

**<u>I. Status</u>**

Petitioner William James, Jr., an inmate of the Florida penal system, initiated this action on March 29, 2013, by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. James filed an Amended Petition (Doc. 5) on April 22, 2013; a Second Amended Petition (Doc. 12) on June 28, 2013; a Third Amended Petition (Amended Petition; Doc. 28) on February 10, 2014; an Amended Memorandum of Law (Amended Memorandum; Doc. 25) on February 3, 2014; and supplements (Docs. 31, 34) in April 2014. In the Amended Petition (Doc. 28), James challenges a 2008 state court (Duval County, Florida) judgment of conviction for burglary of a dwelling. Respondents have submitted a memorandum in opposition to

the Petition. <u>See</u> Respondents' Answer to Petition for Writ of Habeas Corpus (Response; Doc. 43) with exhibits (Resp. Ex.). On April 23, 2014, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 33), admonishing James regarding his obligations and giving James a time frame in which to submit a reply. James submitted a brief in reply on May 19, 2015. <u>See</u> Petitioner's Amended Reply (Doc. 56). This case is ripe for review.

## II. Procedural History

On May 7, 2008, the State of Florida charged James with burglary of a dwelling, the property of Shakekee M. Bryant (count one); burglary of a dwelling, the property of Demetria Singleton (count two); and burglary of a dwelling, the property of Vicky Littles (count three). Resp. Ex. 2, Amended Information. James proceeded to trial on count one in September 2008, <u>see</u> Resp. Ex. 4, Transcript of the Jury Trial (Tr.), at the conclusion of which, on September 10, 2008, a jury found him guilty of burglary of a structure, as charged, with a finding that the structure was a dwelling, <u>see</u> Resp. Ex. 5, Verdict; Tr. at 199. On October 9, 2008, the court sentenced James to a term of imprisonment of thirty years for count one with a minimum mandatory fifteen-year term as a prison releasee reoffender. Resp. Exs. 8 at 104-05; 10, Judgment.

On appeal, James, with the benefit of counsel, filed an initial brief in April 2009, arguing that the trial court erred when it gave the standard criminal jury instruction on stealth.

2

Resp. Ex. 12. The State filed an answer brief. Resp. Ex. 13. On November 18, 2009, the appellate court affirmed the trial court's decision per curiam without issuing a written opinion, see James v. State, 23 So.3d 112 (Fla. 1st DCA 2009) (per curiam); Resp. Ex. 14, and the mandate issued on December 4, 2009, see Resp. Ex. 14. James did not seek review in the United States Supreme Court.

James filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 21, 2010, pursuant to the mailbox rule. Resp. Ex. 15. He also filed several amendments and supplements to the motion. Resp. Exs. 16; 17; 18; 19; 20. He filed an amended motion on September 12, 2010, pursuant to the mailbox rule. Resp. Ex. 21. In his request for post conviction relief, James asserted that counsel was ineffective because he failed to: move the court for a jury instruction to explain his use of psychotropic medication (ground one); move the court for a mental examination (ground two); familiarize himself with the case and impeach the State's key witness, victim Shakekee Bryant (ground three); contest the shoe print evidence (ground four); object to discovery violations relating to James' shoes and the shoe print evidence (ground five); investigate a third phone call from witness Wylie Watkins (ground six); move for a dismissal based on Officer Gay's alleged mishandling of evidence (ground seven); investigate and depose Vontasha Gray, a Category B witness (ground eight); and impeach Officer Moon (ground nine). On

September 28, 2010, James filed a supplement and added ground ten: counsel was ineffective because he stipulated, without James' consent, to evidence that qualified him as a habitual felony offender and prison releasee reoffender. Resp. Ex. 22. James later amended ground six. Resp. Ex. 23.

The court directed the State to respond. Resp. Ex. 24. The State responded, see Resp. Ex. 25, and James replied, see Resp. Ex. 26. On October 12, 2011, James amended his reply and addressed ground seven. Resp. Ex. 27. James later filed a motion to amend his request for post conviction relief to add a claim: that counsel was ineffective because he failed to object to the sufficiency of the charging document in that it failed to charge that "an offense intended to be committed" (ground eleven). Resp. Ex. 28. On November 8, 2011, he moved to add another claim: that the trial court lacked subject matter jurisdiction (ground twelve). Resp. Ex. 29. On January 3, 2012, the circuit court denied the Rule 3.850 motion as to grounds one through ten. Resp. Ex. 30. James appealed the circuit court's decision. Resp. Ex. 31. On June 25, 2012, the appellate court dismissed the appeal for lack of jurisdiction because the circuit court had not ruled on James' motions to amend to add grounds eleven and twelve, and therefore "did not address and dispose of all the pending issues." Resp. Ex. 32.

James filed a pro se motion to voluntarily dismiss ground eleven and twelve, see Resp. Ex. 33, but later filed a motion to

4

dismiss the motion to voluntarily dismiss, <u>see</u> Resp. Ex. 34. On August 12, 2012, James filed another motion to voluntarily dismiss grounds eleven and twelve. Resp. Ex. 35. Without ruling on James' second motion to voluntarily dismiss, the court denied the motion as to grounds eleven and twelve on November 29, 2012. Resp. Ex. 36. On appeal, James filed an initial brief and a supplemental brief, <u>see</u> Resp. Exs. 38; 40, and the State notified the court that it did not intend to file an answer brief, <u>see</u> Resp. Ex. 41. On March 19, 2013, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>James v. State</u>, 109 So.3d 785 (Fla. 1st DCA 2013); Resp. Ex. 42, and the mandate issued on April 16, 2013, <u>see</u> Resp. Ex. 42.[1]

On March 9, 2014, pursuant to the mailbox rule, James filed a pro se emergency petition for writ of habeas corpus in the circuit court. Resp. Ex. 51. He filed an amended petition on April 6, 2014. Resp. Ex. 52. In the petitions, he asserted that the trial court lacked subject matter jurisdiction to preside over his case. He argued that the Assistant State Attorney assigned to his case lacked the authority to sign the Information. On August 14, 2014, the circuit court construed the petitions as a motion for post conviction relief and found the motion to be untimely. Resp. Ex. 53

---

[1] During the pendency of the Rule 3.850 motion, James filed a motion to correct illegal sentence, <u>see</u> Resp. Exs. 49; 50; a petition for writ of habeas corpus, <u>see</u> Resp. Exs. 43; 44; and a petition for writ of quo warranto, <u>see</u> Resp. Exs. 45; 46; 47; 48.

at 2-3. Additionally, the court stated: "Even if [James'] contentions were not procedurally barred and his arguments were correct, this Court finds [his] claims still fail and are legally without merit." Id. at 3. On appeal, James filed an initial brief, see Resp. Ex. 55, and the State notified the appellate court that it did not intend to file an answer brief, see Resp. Ex. 56. On November 25, 2014, the appellate court affirmed the trial court's denial per curiam, see James v. State, 163 So.3d 1184 (Fla. 1st DCA 2014), and the mandate issued on January 27, 2015.[2]

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d); Response at 2-11.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the

---

[2] See http://www.1dca.org, online docket, William James, Jr. v. State of Florida, No. 1D14-3941.

Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Standard of Review

The Court will analyze James' claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt

<u>v. Titlow</u>, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" <u>Jones v. GDCP Warden</u>, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" <u>Id.</u> (quoting <u>Williams</u>, 529 U.S. at 413, 120 S.Ct. 1495).
>
> For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. <u>White v. Woodall</u>,– U.S. –, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n

'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014), cert. denied, 135 S.Ct. 2323 (2015); see also Hittson v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014), cert. denied, 135 S.Ct. 2126 (2015).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Hittson</u>, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for rejecting a claim[.]"); <u>Richter</u>, 562 U.S. at 100 (holding that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that James' claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The

10

challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Richter, 562 S.Ct. at 104. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010)(citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

"[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but

> whether that determination was unreasonable – a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S.Ct. at 788.

Hittson, 759 F.3d at 1248; Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, James asserts that his conviction for burglary of a dwelling is null and void because the jurisdiction of the trial court was not properly invoked due to the state prosecutor's failure to comply with Florida law in filing the charging Information. See Amended Petition at 5; Amended Memorandum at 3-8. James states that, in filing the Information, the prosecutor did not receive testimony under oath from a material witness to the offense, and therefore, the trial court did not have jurisdiction. He raised the claim in his Rule 3.850 motion in state court, see

Resp. Ex. 29, and the circuit court denied the post conviction

motion with respect to this claim, stating in pertinent part:

> In ground twelve, the Defendant claims that the Court lacked subject matter jurisdiction over this case because the Information was not supported by the sworn testimony of a material witness, resulting in fundamental error. Specifically, the Defendant maintains that the State relied on Officer Moon's, the arresting officer, sworn affidavit in the arrest and booking report as the necessary material witness statement to file the Information. The Defendant contends that this constitutes a violation of Florida Rule of Criminal Procedure 3.140(g), because Officer Moon was not a material witness to the offense.
>
> The person who signs the information charging a felony need not personally administer the oath to, nor personally question or hear the live questioning of the material witness whose testimony the charges are based upon. State v. Perkins, 977 So.2d 643, 646 (Fla. 5th DCA 2008). The court in State v. Hartung, 543 So.2d 236, 237 (Fla. 5th DCA 1989), stated:
>
>> We hold that the testimony of such witnesses may be sworn to before anyone authorized to administer oaths and their testimony under oath may be given out of the presence of the state attorney or his designated assistant, and that sworn testimony documented or evidenced stenographically or electronically in the form of affidavits, depositions, video tapes, magnetic tapes, or otherwise, and the evidence of the sworn testimony of such material witnesses may be "received" and considered by the state attorney or his designated assistant who may then properly certify that he has "received

> testimony under oath from the
> material witness or witnesses for
> the offense" as provided in Florida
> Rule of Criminal Procedure 3.140(g).

Contrary to the Defendant's assertions, Officer Moon was a material witness, as Officer Moon actually observed the Defendant committing the burglary and apprehended the Defendant at the scene.[3] (Exhibit "B.")[4] Therefore, Officer Moon was a material witness, and [her] personal observations in the arrest and booking report affidavit would be sufficient for purposes of satisfying Rule 3.140(g).

Furthermore, the Court would still have subject matter jurisdiction over the Defendant's case even if there was a defect in the Information. Pursuant to section 26.012(2)(d), Florida Statutes, circuit courts have subject matter jurisdiction over "all felonies." Carbajal v. State, 75 So.3d 258, 262 (Fla. 2011). "While an information or indictment is 'an essential requisite of jurisdiction which cannot be waived,' defects in the charging instrument do not necessarily render void a conviction based on the defective information." Id. (internal citations omitted).

Finally, Rule 3.140(o) states:

> No indictment or information, or any
> count thereof, shall be dismissed or
> judgment arrested, or new trial
> granted on account of any defect in
> the form of the indictment or
> information or of misjoinder of
> offenses or for any cause
> whatsoever, unless the court shall
> be of the opinion that the

---

[3] See Tr. at 81-82 (Officer Jennifer Moon's trial testimony).

[4] See Resp. Ex. 1, Arrest and Booking Report, Jacksonville Sheriff's Office, dated March 31, 2008.

> indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
>
> Here, the Defendant has not alleged that the information was so vague, indistinct, and indefinite as to mislead and embarrass him in the preparation of a defense. Upon review, this Court does not find that the Information was lacking in such a way as to prejudice the Defendant in preparing a defense.

Resp. Ex. 36 at 2-4. On James' appeal, the appellate court affirmed the trial court's denial per curiam. See James, 109 So.3d 785; Resp. Ex. 42.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, James is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, and that the claim

presents a sufficiently exhausted issue of federal constitutional dimension,[5] James' claim is still without merit. The record fully supports the trial court's conclusion. For a defective Information to present a cognizable claim in a federal habeas corpus action, the charging document must be so defective that it deprives the court of jurisdiction. <u>DeBenedictis v. Wainwright</u>, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."). Under Florida law, the state circuit courts have jurisdiction over all felony charges. <u>See</u> Fla. Stat. § 26.012(2)(d). Moreover, the Amended Information, <u>see</u> Resp. Ex. 2, properly set forth the elements of burglary of a dwelling, <u>see</u> Fla. Stat. § 810.02(3)(b), and therefore met the minimum requirement for invoking the jurisdiction of the state circuit court. Additionally, the Amended Information contains the required sworn oath of the Assistant State Attorney, certifying that the allegations in the Amended Information "are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged," that the prosecution "is instituted in good faith," and "that testimony under oath has been received from the material witness(es) for the offense." Resp. Ex. 2. Such a sworn oath by the

---

[5] <u>See</u> Response at 19.

prosecutor that he received testimony under oath from the material witness(es) for the offense is sufficient pursuant to applicable Florida law. See Fla. R. Crim. P. 3.140(g).  Therefore, Petitioner is not entitled to federal habeas relief on ground one.

## B. Ground Two

As ground two, James asserts that counsel was ineffective because he failed to file a motion to dismiss based on governmental misconduct. See Amended Petition at 6; Amended Memorandum at 8-10. He states that he advised his counsel to file a pretrial motion to dismiss the charge because the evidence technician "mishandled relevant and material evidence" when she returned the physical evidence to the victims at the crime scene. Amended Memorandum at 8. James raised the ineffectiveness claim in his Rule 3.850 motion in state court. Resp. Ex. 21 at 16-30. Identifying the two-prong Strickland ineffectiveness test as the controlling law, the circuit court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In ground seven, Defendant claims there is a reasonable probability that, but for Counsel's failure to move for dismissal, based on Officer Gay's alleged mishandling of evidence, Defendant would have had a viable defense at trial, and the outcome of the trial would have been different. Specifically, Defendant alleges that, had Officer Gay checked for fingerprints on items inside the home, such as the DVD case, it would be proven that Defendant's fingerprints were not on the items.

Although this Court does not find Defendant's claim to be procedurally barred, as the State avers in its first and second arguments in its response to ground seven,[6] this Court does agree with the State's argument that there was no legal basis for Counsel to move for dismissal because the State had a plethora of other evidence to support the charge,[7] as set forth in the State's response to grounds three, four, and five.[8] Moreover, assuming <u>arguendo</u> that no fingerprints were discovered after the items had been tested, this still would not create a reasonable probability that Defendant would have been acquitted at trial in light of the overwhelming evidence against Defendant. Among other evidence, this Court notes that witness Watkins testified that he saw Defendant at the home committing both burglaries and that one of the suspects wore long jean shorts with a long white T-shirt (TT. 41, 44-49.) Officer Moon testified that Defendant was wearing a white T-shirt with pockets and jean shorts, and he had a garden glove in his pocket. (TT. 82-87.) Defendant testified he had gloves on him and that he was wearing a white T-shirt, blue jean shorts, and black loafers. (TT. 127, 132, 135.) Both witness Watkins and Officer Moon identified Defendant in court as being at the house during the burglaries. (TT. 44-49, 81.) Defendant testified that he was apprehended inside the home (TT. 126.) Defendant testified that his shoe print was on the door.[9] (TT. 133-34.) The DVD in Defendant's possession was of the same title, "Thick Sistas," as the DVD case, which was found on the premises, and the victim testified to owning the DVD and its case. (TT. 31, 81-82, 135-36; State's Exhibit C.) Many of

---

[6] <u>See</u> Resp. Ex. 25 at 15.

[7] <u>See</u> Resp. Ex. 25 at 15.

[8] <u>See</u> Resp. Ex. 25 at 8-13.

[9] <u>See</u> Tr. at 133 ("I stepped on the door to gain entrance.").

the victim's belongings were found on
Defendant or co-defendant Ted Pollard. (TT.
30-35, 66-75, 81-86; State's Exhibit C.) In
light of the overwhelming inculpatory
evidence, any lack of fingerprint evidence on
the DVD case would have been only potentially
useful: "the loss or destruction of evidence
that is only <u>potentially</u> useful to the defense
violates due process only if the defendant can
show bad faith on the part of the police or
prosecution." <u>State v. Thomas</u>, 826 So.2d 1048,
1049 (Fla. 2d DCA 2002) [(citing <u>Arizona v.</u>
<u>Youngblood</u>, 488 U.S. 51, 58 (1988)]. Defendant
has not met his burden of showing bad faith by
Officer Gay, nor has he shown prejudice.
Accordingly, Defendant's seventh ground for
relief is denied.

Resp. Ex. 30 at 4-6. On James' appeal, the appellate court affirmed

the trial court's denial per curiam, <u>see</u> <u>James</u>, 109 So.3d 785;

Resp. Ex. 42.

Given the record in the instant action, the appellate court

may have affirmed the denial of James' motion for post conviction

relief on the merits. If the appellate court addressed the merits,

James would not be entitled to relief because the state courts'

adjudications of this claim are entitled to deference under AEDPA.

After a review of the record and the applicable law, the Court

concludes that the state courts' adjudications of this claim were

not contrary to clearly established federal law and did not involve

an unreasonable application of clearly established federal law. Nor

were the state court adjudications based on an unreasonable

determination of the facts in light of the evidence presented in

the state court proceedings. Thus, James is not entitled to relief on the basis of this claim.[10]

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, James' claim is still without merit. The trial court's conclusion is fully supported by the record. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), cert. denied, 135 S.Ct. 1483 (2015). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, James must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always

---

[10] James' reliance on Arizona v. Youngblood is misplaced. See Response at 29-32; Amended Memorandum at 9.

identify shortcomings. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. <u>Ward v. Hall</u>, 592 F.3d at 1164 (quotations and citation omitted); <u>Dingle v. Sec'y for Dep't of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, James has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, James has not shown prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had filed a motion to dismiss the charge based on Officer Gay's alleged mishandling of the evidence. Thus, James' ineffectiveness claim fails because he has shown neither deficient performance nor resulting prejudice. He is not entitled to federal habeas relief as to ground two.

## VIII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If James seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, James "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

22

consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition (Doc. 28) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.    If James appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 8/14
c:
William James, Jr.
Ass't Attorney General (Jordan)

23